# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JACOB TAYLOR SHEPARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-21-SNLJ |
| | ) |
| CAPE GIRARDEAU SHERIFF'S | ) |
| OFFICE and ST. FRANCIS HOSPITAL, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Jacob Taylor Shepard, a prisoner who is proceeding herein *pro se* and *in forma pauperis*. For the reasons discussed below, the Court will dismiss this action at this time, without prejudice.

## **Background**

Plaintiff initiated this civil action on February 4, 2021 by filing a complaint pursuant to 42 U.S.C. § 1983.[1] He described a wide range of misconduct he believed amounted to a violation of

---

[1] The case at bar is the second of two prisoner civil rights actions plaintiff has initiated in this Court against the Cape Girardeau Sheriff's Office and St. Francis Hospital (also known as St. Francis Medical Center). The first is *Shepard v. Cape Girardeau County Jail, et al.*, No. 1:20-cv-186-MTS (E.D. Mo. Aug. 24, 2020) (hereafter "*Shepard I*"). In the amended complaint now before the Court, plaintiff references that action. During those proceedings, plaintiff sought relief pursuant to 42 U.S.C. § 1983 against the Cape Girardeau County Jail, the Cape Girardeau County Sheriff's Office, and St. Francis Medical Center. Plaintiff was repeatedly given leave to amend, and ultimately filed a third amended complaint against only the Cape Girardeau Sheriff's Office, despite being previously advised that entity was not one subject to suit under § 1983. Further, plaintiff claimed he had been subjected to retaliation, but failed to allege sufficient facts to state such a claim or permit any individual to be identified as responsible for any alleged harm, despite being previously instructed to do so. On May 7, 2021, the case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this United States District Court and which relate closely to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (district court could "take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records . . . Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

his constitutional rights, including being shoved, denied medical attention for complaints related to chest pain and diarrhea, rat poison in the food, difficulties with mail service, and having his cell door opened. Plaintiff did not name any person or entity as a defendant, nor did he identify any person or entity in his statement of claim. Instead, he referred to the responsible parties as "medical staff," "the COs," and "they." In his Application to Proceed in District Court Without Prepaying Fees or Costs, he listed the Cape Girardeau Sheriff's Office and St. Francis Hospital, but he did not mention those entities in setting forth his claims for relief. Additionally, the complaint did not contain factual allegations that could be construed as stating any plausible claim for relief. This action was therefore subject to dismissal.

On February 23, 2021, the Court entered an order giving plaintiff the opportunity to file an amended complaint to cure the deficiencies. In that order, the Court clearly explained the defects of the original complaint, and provided plaintiff with clear instructions about how to prepare the amended complaint. In doing so, the Court stressed the importance of properly identifying the defendants, and providing a short and plain statement of the factual allegations supporting the claims alleged. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

As this Court previously advised plaintiff, the amended complaint replaces the original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."). This Court is required to review the amended complaint, and must dismiss it or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff filed the amended complaint on March 9, 2021. Named as defendants are the Cape Girardeau Sheriff's Office, and St. Francis Hospital. In setting forth his claims for relief, plaintiff

3

alleges as follows. Plaintiff's skull was fractured at an unspecified time and place. Plaintiff does not describe the circumstances surrounding that injury, nor does he indicate he believes any person or entity was responsible for harming him. Plaintiff was refused protective custody by an unspecified person or persons on an unspecified date, "stabbed and jumped" by inmates on an unspecified date, and "assaulted" by "the guards" upon his arrival at the facility. Plaintiff was "assaulted and almost killed due to employee negligence and never taken to the hospital for it medical did nothing for all the complaints I have submitted . . .". Plaintiff offers no supporting facts for those claims, nor does he identify any responsible party or parties. Plaintiff states he is suffering retaliation for filing unspecified claims, and for filing *Shepard I.* However, he does not specify what conduct he believes is retaliatory, nor does he identify who is engaging in such conduct. He states without explanation that he identified the proper defendants in *Shepard I.* However, he does not specify what defendant or defendants he is referencing or specify any particular filing in which any defendant's name could be found. He writes: "the c/o's are at fault," and he identifies his injuries as memory loss. As relief, plaintiff seeks medical care, and monetary relief in the amount of $500,000.

## Discussion

Plaintiff has named the Cape Girardeau Sheriff's Office as a defendant. However, that entity is simply a department of local government, not a legal entity amenable to suit. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail

4

and sheriff's department as parties because they are not suable entities). Accordingly, the amended complaint fails to state a claim against the Cape Girardeau Sheriff's Office.

Even if plaintiff had named Cape Girardeau County as a defendant, the amended complaint would not state a claim of municipal liability because it contains no facts supporting the proposition that there was a direct causal link between any municipal policy or custom and the alleged constitutional violation. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). In fact, the amended complaint contains no facts supporting the proposition that any unconstitutional policy or custom exists at all. *See Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003) (at minimum, a plaintiff must allege facts supporting the proposition that an unconstitutional policy or custom exists). Finally, plaintiff would be unable to hold Cape Girardeau County responsible for the actions of any of its employees because a municipality cannot be held liable on a *respondeat superior* theory. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018).

Plaintiff has also named St. Francis Hospital as a defendant. Plaintiff filed this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Id.* at 685. Section 1983 imposes liability on state actors acting under color of state law. 42 U.S.C. § 1983. Here, it is apparent that St. Francis Hospital is private entity. Plaintiff does not allege, nor does it appear, that St. Francis Hospital was a state actor that acted under color of state law.

"Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). To state a claim against a private actor such as St. Francis Hospital under § 1983, a plaintiff "must establish, at the very least, an agreement or

meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* Here, the amended complaint contains no allegations permitting the inference that St. Francis Hospital acted jointly with public servants acting under state law. Because plaintiff has failed to establish that a state actor violated his federally-protected rights, he is missing an essential element of a § 1983 claim. Therefore, the amended complaint fails to state a claim against St. Francis Hospital.

Plaintiff indicates that other defendants for this action are identified in *Shepard I.* However, the only defendants who were properly identified in that case were the Cape Girardeau Sheriff's Office, the St. Francis Medical Center, and the Cape Girardeau County Jail. As discussed above, the amended complaint fails to state a claim against the Cape Girardeau Sheriff's Office and would fail to state a claim against the Cape Girardeau County Jail for those same reasons, and it fails to state a claim against St. Francis Hospital (also known as St. Francis Medical Center). Plaintiff does not specify any particular document from *Shepard I* that would identify any other defendant, nor does he indicate how any claims he purports to raise here are connected to any individual he may have referenced in *Shepard I.* There is therefore no way to tell what potential defendants he may be referencing. Plaintiff has simply failed to identify any defendant other than the Cape Girardeau Sheriff's Office and St. Francis Hospital, and as explained above, this action is subject to dismissal as to those defendants.

This action is also subject to dismissal because the amended complaint, like the original, is simply a series of conclusory statements that are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678-79. Plaintiff has alleged no facts from which the Court can identify a plausible claim. Even *pro se* plaintiffs are required to set forth their claims in a simple, concise, and direct manner, and to allege facts in support of their claims. *McNeil,* 508 U.S. at 113. The

Court acknowledges plaintiff's *pro se* status, and his description of memory problems. However, the rules of pleading are simple, and this Court's instructions were clear. Nothing before the Court indicates plaintiff is incapable of following them.

Having thoroughly reviewed and liberally construed the amended complaint, the Court concludes this action must be dismissed. This is not a situation in which plaintiff should be permitted to file a second amended complaint. Plaintiff did not follow this Court's instructions when previously given the opportunity to amend, despite being advised that dismissal could result from his failure to do so. Therefore, this action is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 6) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of July, 2021.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE